SCHRODER, J.,
concurring in part and dissenting in part:
I concur with the well-reasoned opinion of the majority on all of the issues except as to the enforceability of the general arbitration clause and, by extension, as to the applicability of AT & T Mobility LLC v. Concepcion, — U.S. -, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011). While I recognize the federal and state authorities favoring arbitration (including Kentucky Constitution Section 250), I believe that Insight’s arbitration agreement is so procedurally unconscionable that the arbitration clause itself should be held invalid.
The majority accurately sets out the factors relevant to the procedural unconscion-ability inquiry — “the conspicuousness of the terms and comprehensibility of the contract language, the oppressiveness of the terms, and the presence or absence of a meaningful choice.” Jenkins v. First American Cash Advance of Georgia, LLC, 400 F.3d 868, 875-76 (11th Cir.2005). However, the Court’s opinion does not address the last factor — whether the Appellants had a meaningful choice — which I see as critical to the analysis of unconscionability in this case.
The record established that Insight was the only provider of high-speed broadband cable’ internet services in Louisville at the time Appellants entered into the service agreements. Although there may have been other options to obtain internet access, the record indicates the service agreements for these companies had similar binding arbitration clauses or they did not provide high-speed broadband cable service. In the digital age in which we now live, internet access is becoming more and more of a necessity for personal communication, as well as for business and commerce purposes. The service agreement in this case was a “take it or leave it” adhesion contract that customers, who had no bargaining power, were forced to submit to if they wanted high-speed cable internet access. Unlike the appellees in Conseco Finance Servicing Corp. v. Wilder, 47 S.W.3d 335, 343 n. 24 (Ky.App.2001), who did not allege that there was not another reasonably available source for mobile home financing, Appellants in the present case have shown they had no meaningful choice in obtaining the high-speed internet service they sought.
The fact that the arbitration portion of the service agreement was not in the portion of the agreement asking for the customer’s assent was further proof of its procedural unconscionability. Customers had to navigate to a separate page to see that portion of the agreement. While the majority notes that this is a common practice, it certainly cannot be characterized as conspicuous.
I would therefore hold that the arbitration agreement as a whole was procedurally unconscionable; given that conclusion, I do not believe this case falls under Concepcion. The issue in Concepcion was the Discover Bank rule, which essentially required the availability of classwide arbitration and invalidated arbitration agreement provisions to the contrary. The Supreme Court concluded that the Discover Bank rule “interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA.” Concepcion, 131 S.Ct. at 1748. Such interference is not present when, as here, a particular arbitration agreement is unconscionable under the unique facts of that particular case.
*581 The “saving clause” of the Federal Arbitration Act
permits arbitration agreements to be declared unenforceable “upon such grounds as exist at law or in equity for the revocation of any contract.” This saving clause permits agreements to arbitrate to be invalidated by “generally applicable contract defenses, such as fraud, duress, or unconscionability,” but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.
Concepcion, 131 S.Ct. at 1746 (quoting Doctor’s Associates, Inc. v. Casarotto, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996)) (emphasis added). Insight’s arbitration agreement is unconscionable due to the absence of meaningful choice. As such, it is invalid under “generally applicable contract defenses,” id., and this conclusion is not the type of “state-law rule[] that stand[s] as an obstacle to the accomplishment of the FAA’s objectives” decried in Concepcion, 131 S.Ct. at 1748 (citing Geier v. American Honda Motor Co., 529 U.S. 861, 872, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000); Crosby v. National Foreign Trade Council, 530 U.S. 363, 372-73, 120 S.Ct. 2288, 147 L.Ed.2d 352 (2000)).
For the above reasons, I would allow the class action suit in the Jefferson Circuit Court to go forward.
NOBLE, J., joins.